UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT L. SPANN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10 CV 181 |
| v. | ) |
| | ) |
| ELIZABETH HURLEY, PATRICIA SISK, | ) |
| and CHARLES HARTSELL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Robert L. Spann, Jr., a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under RULE 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Spann sues Elizabeth Hurley, a St. Joseph County Deputy Prosecutor, along with Charles Hartsell and Patricia Sisk (two private citizens), alleging that they conspired to wrongfully convict him of molesting Sisk's son. (DE # 1.) This is the second time Spann has sought to raise these claims against the same defendants. *See Spann v. Hurley*, No. 3:07cv351 (N.D. Ind. filed Jul. 26, 2007). The court dismissed the earlier case pursuant to 28 U.S.C. § 1915A, concluding that Spann was barred from attacking his conviction in a Section 1983 suit under *Heck v. Humphrey*, 512 U.S. 477 (1994). Spann was advised that he could refile his claim for damages "if he can obtain reversal of his conviction on direct appeal or can get it expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Spann*, No. 3:07cv351, DE # 4.

In the present complaint, Spann does not allege that he obtained reversal or expungement of his conviction, and it is apparent from the complaint that he remains incarcerated on the child molestation conviction that he seeks to challenge.[1] He also attaches an order showing that his request for post-conviction relief was denied by the state court. (DE # 1-3.) As Spann was previously informed, unless and until his

---

[1] Notably, on the same day he filed this suit, Spann also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his child molestation conviction. *See Spann v.Superintendent*, 3:10cv182 (N.D. Ind. filed May 6, 2010.)

conviction is overturned, he cannot proceed with a claim for damages for wrongful conviction under Section 1983. Accordingly, this action must be dismissed.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

Date: May 13, 2010

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT